IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>REDELL D. CRABBE<br>DEBORAH A. CRABBE<br>     Debtors,<br><br><br>TOYOTA MOTOR CREDIT CORPRATION<br>     Movant,<br><br>          v.<br>REDELL D. CRABBE<br>DEBORAH A. CRABBE<br>SCOTT F. WATERMAN Trustee,<br>     Respondents. | Bankruptcy No.  25-14549-AMC<br><br><br>Chapter 13 |

STIPULATION RESOLVING MOTION FOR ADEQUATE PROTECTION

AND NOW, comes Movant, Toyota Motor Credit Corporation (the "Movant"), by and through its undersigned counsel, Keri P. Ebeck, Esquire and, Debtors, Redell D. Crabbe and Deborah A. Crabbe (the "Debtors"), by and through their undersigned counsel, Zachary Perlick, Esquire and together file this *Stipulation Resolving Motion for Adequate Protection,* the "Stipulation"), stating as follows:

1.     The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.     Movant has a secured interest in the 2018 Toyota Highlander, VIN No. 5TDDZRFH5JS493746 ("Vehicle").

3.     The Debtors are proposing to pay the Movant's claim through the Chapter 13 bankruptcy Plan, while the Debtors continue to use the Vehicle.

4.     Debtors will begin making adequate protection payments with the June 2026 payment in the amount of $150 per month until the Chapter 13 Plan is confirmed and the Trustee begins disbursements to the Movant.

5.      In accordance with paragraph four (4) above, the Debtors shall direct the payments to:

> Toyota Motor Credit Corporation
> P.O. Box 4700
> Phoenix, Arizona 85030

Payments must be received by Movant at the above-referenced address on or before the 15th day of each month.  Debtors will be in default under the Stipulation in the event that the Debtors fail to comply with the payment terms and conditions in Paragraph 4, *supra.*  If the Debtors defaults under this Stipulation, Movant may send Debtors and Debtors' counsel a Notice of Default.  Debtor will have ten (10) days from the date of the Notice of Default to cure the default.  If default is not cured after ten days, a Certification of Default will be immediately filed with the Court by the Movant.

6.      In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtors shall cure the pre-petition and post-petition arrears within thirty (30) days from the date of such conversion.  Should the Debtors fail to cure said arrears within the thirty-day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtor and counsel a written notice of default.  If the default is not cured within thirty (30) days from the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Vehicle.

7.      This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy.  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence.  No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ *Keri P. Ebeck*
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@bernsteinlaw.com
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
412-456-8112

*Counsel for Toyota Motor
Credit Corporation*

By: /s/ Brad Sadek
Brad Sadek, Esquire
PA I.D. #90488
brad@sadeklaw.com
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
215-545-0008

*Counsel for the Debtors*

By: /s/  Ann Swartz          .
Staff Attorney for
Scott F. Waterman
Standing Chapter 13 Trustee

Dated: June 5, 2026